IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| HUBERT BERTRAM CORBETT and )<br>BRENDA HOVEY CORBETT,     )<br>                              )<br>    Plaintiffs,              )<br>                              )<br>    v.                        )<br>                              )<br>STEVEN CLARENCE ARMSTRONG,    )<br>an individual; and GEORGIA    )<br>POWER COMPANY, a foreign      )<br>corporation,                  )<br>                              )<br>    Defendants.               ) | CIVIL ACTION NO.<br>3:22cv633-MHT<br>(WO) |

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  *McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  The allegations must show that the citizenship of each

plaintiff is different from that of each defendant.  28 U.S.C. § 1332.

The notice of removal fails to meet this standard. The notice gives the "residence" rather than the "citizenship" of defendant Steven Clarence Armstrong. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State.  *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir.), *cert. denied*, 404 U.S. 995 (1971).

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing parties have until December 1, 2022, to amend the notice of removal to allege jurisdiction sufficiently, 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 17th day of November, 2022.

                                        /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE