IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| HUBERT BERTRAM CORBETT and  )<br>BRENDA HOVEY CORBETT,       )<br>                             )<br>    Plaintiffs,             )<br>                             )<br>    v.                       )<br>                             )<br>STEVEN CLARENCE ARMSTRONG,   )<br>an individual; and GEORGIA   )<br>POWER COMPANY, a foreign     )<br>corporation,                 )<br>                             )<br>    Defendants.              ) | CIVIL ACTION NO.<br>3:22cv633-MHT<br>(WO) |

ORDER

It is ORDERED that defendant Georgia Power's motion for summary judgment (Doc. 31) as to the remaining negligence claims against Georgia Power is denied.

The cases upon which Georgia Power relies on the scope of employment issue are distinguishable. Unlike in those cases, *here* the employee had detoured to complete a personal errand between checking in at the office and going to an offsite work location, had completed the personal errand and was <u>driving to the worksite</u> at the time of the accident, and was not

driving between home and work.  Contrast *Newsome v. Mead Corp.*, 674 So. 2d 581 (Ala. Civ. App. 1995) (finding that employee who got in accident while driving from his office on personal errand to pick up and bring back dinner for him and his colleagues was not acting within the scope of his employment); *Donaldson v. Country Mutual*, 291 So. 3d 1172, 1178 (Ala. 2019) (finding that driver was not acting within the scope of his employment at the time of the accident, where he was either driving home to eat after completing other personal errands, or according to the opposing side, driving from home to the office after eating lunch, and noting general rule that an employee travelling between his home and office is not acting within scope of employment).  When an employee detours during work to take care of personal business, the employer's liability depends in part on how significant the deviation was.  *See, e.g.*, *AVCO Corp. v. Richardson*, 234 So. 2d 556, 559-60 (Ala. 1970).  The court finds the existence of a genuine dispute of

2

material fact as to this issue.  As for the ratification issue, the court believes that summary judgment should be denied without resolving it.

DONE, this the 4th day of December, 2023.

                                                     /s/ Myron H. Thompson
                                          **UNITED STATES DISTRICT JUDGE**